No. 33. Esterly & Son v. Nichols. On the 22d of April 1884, a contract between appellants, of the first part, and appellee and one Dickerson, as Dickerson & Nichols, of the second part, was entered into, whereby the parties of the second part were appointed the special sales agents of the parties of the first part for the sale of twine binders for the season ending Sept. 1, 1884. In that contract it is stipulated that appellants " agree to use their best efforts to complete and ship all machines herein and hereafter ordered," etc. The contract contains a blank order for machines, etc., and it was filled out for one Esterly Twine-binding Harvester, $6\frac{1}{2}$ ft. cut, when the contract was made. It also contains a clause whereby " the party of the second part agrees to keep all machines, twine, and extras fully insured and guarantees the party of the first part against loss by fire." Three machines were furnished Dickerson & Nichols during the season, one on the order made in the contract, and two about the 20th of June, 1884. The first and one of the last were sold and settled for. The third

was burned at Dickerson & Nichols' place of business on the 10th of July, 1884, and this suit is to recover its value. In the circuit court appellee had judgment for costs, and appellants appeal. The court is of opinion that the evidence clearly shows the machines received on the 20th of June were obtained under the contract of agency, and were held by appellee's firm subject to its terms and conditions, and they were therefore bound to insure it or take the risk of its loss. Reversed and remanded. Opinion by WILKIN, J. Judge below, JESSE J. PHILLIPS. Attorneys, for appellants, Mr. F. M. GUINN and Messrs. CASEY & DWIGHT; for appellee, Messrs. ASHCROFT & STILLMAN. Opinion filed Nov. 24, 1886.